# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2021

Lyle W. Cayce
Clerk

No. 20-60907
Summary Calendar

Karen Patricia Guzman Rodriguez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 945 918

Before Haynes, Ho, and Wilson, *Circuit Judges*.

Per Curiam:*

Karen Patricia Guzman Rodriguez, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum and withholding of removal based on her membership in a particular social group.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

She does not challenge the denial of her claim for relief based upon political opinion or her claim for protection under the Convention Against Torture and therefore has abandoned those claims. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

This court reviews the final decision of the BIA and will only consider the decision of the Immigration Judge where it influenced the decision of the BIA. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Questions of law are reviewed de novo and factual findings for substantial evidence. *See id.* at 594; *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial evidence standard, this court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537. Whether an applicant is eligible for asylum or withholding of removal is a factual finding. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted).

To be eligible for asylum, Guzman Rodriguez must show that she is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of," as relevant here, "membership in a particular social group." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1). A cognizable particular social group must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014).

Substantial evidence supports the BIA's decision that Guzman Rodriguez's proposed particular social group—"business women from Honduras"—is not cognizable because it lacks the required immutability, social visibility, or particularity. *See Orellana-Monson v. Holder*, 685 F.3d 511,

No. 20-60907

518-19 (5th Cir. 2012). Guzman Rodriguez has not shown that her proposed group is more than a "catch all" of persons fearing persecution. *See id.* Because she has failed to demonstrate her entitlement to asylum, Guzman Rodriguez has also failed to demonstrate her entitlement to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

DENIED.